Jones, J.
This is an action on a bond given by the sureties of Carl M. Watts to the state of Ohio, insuring the faithful performance of a contract, by the terms of which Watts agreed to construct a certain section of a road in Clermont county, Ohio. The Marble Cliff Quarries Company, which furnished the material for the construction, sought to recover from the sureties an unpaid balance for materials furnished to Watts.
By action of the trial court the name of the- state was eliminated, and, after proper amendment, the case was allowed to proceed to trial with the Quarries Company as plaintiff. Upon the trial by the direction of the court, a verdict was rendered in favor of the defendants. Judgment on that verdict was affirmed by the court .of appeals, whereupon error was prosecuted to this court.
Except for one feature of the case presented here, this case could be reversed on the authority of The Royal Indemnity Co. of New York v. The Northern Ohio Granite & Stone Co., ante, 373, decided at the present term.
The defendants in error contend that the Highway Commissioner exceeded his authority by incorporating in the bond a provision neither re *382 quitted nor permitted by the statute, to the effect that Watts should “pay all claims that may after the date hereof accrue in favor of sub-contractors, materialmen and laborers on account of the construction of said road.” It is further insisted that, under the familiar maxim expressio unius, the grant of the permissive power expressed in the statute necessarily withheld others not specifically named.
At the time of the execution of said bond, Section 1203, General Code (103 O. L., 456), then in force, required the Highway Commissioner to procure a bond in an amount not exceeding 150% of the contract price, insuring the performance of the work. The act also provided that the bond might “include indemnity against liens and claims for material and labor furnished in the construction ' of the improvement,” but contained no provision, either mandatory or permissive, relating to the payment of claims accruing in favor of materialmen and laborers. The statute cast upon the Highway Commissioner the duty of protecting the state and county against liens or claims for material or labor. By incorporating a provision in the bond for the payment of claims of that class, this purpose was accomplished, for the reason, that, if such claims were paid, the state and county would be indemnified against such claims or liens if the statute then or thereafter provided liens against a public work. The Highway Commissioner employed a method which was within the purpose and scope of the statute, and which was not thereby prohibited. The State Highway Com *383 missioner, therefore, had authority to incorporate the provision in question, and the bond is a statutory bond.
The principle here announced is supported by the case of Henry et al. v. Ankrim, 39 W. L. B., 78, affirmed by the supreme court, without opinion, 57 Ohio St., 665. That case involved a contract for the construction of a turnpike in Lawrence county, Ohio. The statute then in force (Section 4771, -.Revised Statutes) provided that the contractor should give bond “with sufficient sureties, for the performance of his. contract, payable to the county commissioners, for the use and benefit of the county.” This was the only authorization imposed upon the county commissioners and it was made mandatory bjr the statute. However, the contractor entered into a bond with the commissioners of Lawrence county, which contained a provision that he should “pay all just and legal claims for labor and material which will become due and chargeable under this contract,” etc.
The same contention was made in that case as in this, that the county commissioners exceeded their statutory powers by the inclusion of provisions in the bond for the payment of labor and material, whereas the statute had expressly provided what terms the bond should contain. The circuit court sustained the clause in the bond and permitted materialmen, who supplied the contractor with materials, to recover. That judgment was affirmed by this court. The principle announced in that case is applicable to this. The fact that the statute under consideration empowered *384 the Highway Commissioner to include a provision for the protection of the state and county did not deprive him of the right to incorporate a clause which effectuated that purpose, although indirectly.
It was developed by the record that a part of the material furnished Watts by the Quarries Company for the construction of the road was diverted by Watts to other purposes. The material so diverted was supplied to Watts as the principal contractor “on account of the construction of said road,” and the diversion neither relieved Watts from his liability to the materialmen nor the sureties from their liability for the payment of claims accruing in favor of such materialmen.
The judgments of the court of common pleas and the court of appeals are reversed and the cause remanded to the former for further proceedings in accordance with this opinion.

Judgments reversed.

Nichols, C. J., Matthias, Johnson, Wanamaker and Robinson, JJ., concur.